UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIC STREIFF, et al.,               )
                                    )
       Plaintiffs,                  )
                                    )
   vs.                              )   Case No. 4:07CV01494
                                    )
OBLATE SERVICE CORPORATION, et al., )
                                    )
       Defendants.                  )

**MEMORANDUM AND ORDER**

This matter is before the Court on Eric Streiff and Jolene Streiff's Motion to Remand [doc. #7] and United Healthcare of the Midwest, Inc.'s Motion to Dismiss [doc. #11].

**I.   BACKGROUND**

Eric Streiff was an employee of Oblate Service Corporation ("OSC"), which does business as National Shrine of Our Lady of the Snows, in Belleville, Illinois. Beginning on or about July 1, 2006, he and his family were covered under a healthcare benefit plan ("Plan") that was issued to OSC. Eric Streiff left his employment with OSC on September 19, 2006, but was told that his coverage under the Plan would continue. In December, 2006, Eric Streiff and his family began receiving notices from "United,"[1] the insurer of the Plan, which stated that their healthcare coverage claims were being denied on the ground that their family had been terminated from the Plan on July 2, 2006.

Eric Streiff and Jolene Streiff (collectively, "Plaintiffs") sought to determine whether they were covered under the plan, and in January, 2007 they contacted Cheryl Hertfelder

---

[1] United Healthcare of the Midwest asserts that Plaintiffs have mistakenly identified them as Defendant rather than United Healthcare Insurance Company. As it is not clear who the proper Defendant is, the Court will refer to this Defendant as "United."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

("Hertfelder"), the Human Resources Director at OSC, to verify their coverage. Plaintiffs assert that Hertfelder repeatedly sought to determine the nature of Plaintiffs' claims, but that Plaintiffs would not disclose information about their claims as it was private, and because Plaintiffs felt that it was not necessary for her to have this information in order to determine whether they were covered under the Plan. Plaintiffs also claim that they avoided providing Hertfelder with their claim information as she was "notoriously disrespectful of the privacy of coworkers . . . frequently gossiping about them maliciously, " and because she had previously attacked and ridiculed Eric Strieff behind his back. Plaintiffs state that Eric Strieff had notified upper level management at OSC about Hertfelder's behavior, but that OSC did not take any corrective actions.

Eventually, Plaintiffs contacted United to determine whether they were covered under the Plan. In communications with United, Jolene Streiff disclosed details of their medical claims. Plaintiffs state that this information was supplied "to aid in the resolution of coverage on the claims," and that the information was "highly sensitive information about the nature of certain services, disclosure of which could cause definite and certain negative stigma and embarrassment." Plaintiffs claim that Hertfelder then manipulated the United employee that they had worked with and learned of the sensitive and embarrassing information about Plaintiffs. Plaintiffs assert that Hertfelder then publicized their private information, with the intent of embarrassing and discrediting Eric Streiff. Plaintiffs claim that the entire coverage problem was created by Hertfelder as a means to harass Plaintiffs.

Plaintiffs have brought this action against United and OSC. They assert six separate causes of action in their Complaint, however, only three of these claims are brought against United. The claims that were brought against United are for breach of fiduciary duty, negligence, and violation of Mo. Rev. Stat. § 354.515. Plaintiffs' complaint was filed in the Circuit Court of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

St. Louis County, and United removed this complaint to the Eastern District of Missouri on August 21, 2007. Plaintiffs' claim for breach of fiduciary duty provided the basis for United's removal of this action. After this action was removed to this Court, Plaintiffs filed the pending Motion to Remand and United filed the pending Motion to Dismiss.

## II. DISCUSSION

### A. MOTION TO REMAND

An action may be removed from state to federal court, regardless of citizenship or residence of the parties, where the action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Ordinarily, a court will look to a plaintiff's "well-pleaded complaint" in order to determine whether federal jurisdiction can be ascertained from the face of the state court complaint.[2] *Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). However, this process is different "[w]here a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep." *Id.* Where this is the case, the state claim "is deemed federal no matter how pleaded."[3] *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

ERISA is a statute "for which Congress intended a particularly powerful preemptive sweep." *Danca*, 185 F.3d at 4. Courts have determined that ERISA permits the removal of any state law claim that substantively seeks relief within the scope of ERISA. *See, e.g., Aetna Health*

---

[2] This is also known as "conflict preemption."

[3] This type of preemption is "complete preemption."

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Inc. v. Davila*, 542 U.S. 200 (2004); *Hotz v. Blue Cross & Blue Shield of Mass., Inc.*, 292 F.3d 57, 59 (1st Cir. 2002).

The Supreme Court has noted that "the express pre-emption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). ERISA "preempts [s]tate laws to the extent that those laws *relate to* any employee benefit plan." *UNUM Life Ins. Co. of America v. Ward*, 526 U.S. 358, 363 (8th Cir. 2007) (emphasis added). The Eighth Circuit has created a two-part test to determine when a state law relates to an ERISA plan. *See, e.g., Parkman v. Prudential Ins. Co. of America*, 439 F.3d 767, 771 (8th Cir. 2006). The proper analysis declares that "[a] law relates to a covered employee benefit plan for purposes of ERISA if it has (1) a connection with or (2) reference to such a plan." *Id.* (internal citations omitted); *Minn. Chapter of Associated Builders and Contractors, Inc. v. Minn. Dept. of Pub. Safety*, 267 F.3d 807, 811-12 (8th Cir. 2001).

Plaintiffs' claim for breach of fiduciary duty has been brought under Missouri state law and is based on the allegation that United's employee "intentionally and knowingly disclosed plaintiffs' private confidential healthcare information." Plaintiffs further allege that "Hertfelder had not legitimate purpose in seeking the sensitive information" and that she sought this "information for the purpose of disseminating it so as to discredit, embarrass and damage Mr. Streiff."

United argues that Plaintiffs' causes of action relate to United's administration of the plan and alleged improper processing of Plaintiffs' benefit claims under the plan. United's assertion may be correct, however, it is not apparent at this time that the conduct challenged in Plaintiffs' causes of action had anything to do with the administration or processing of benefit claims under

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the plan. Plaintiffs' allegations suggest that there was no legitimate reason why Hertfelder sought this confidential information. Instead, Plaintiffs declare that this information was sought solely for inappropriate reasons, and not in the course of providing benefits or performing duties under the ERISA plan.

As noted above, Plaintiffs' cause of action for breach of fiduciary duty is preempted, and properly removed to this Court, if the state law "has (1) a connection with or (2) reference to such a plan." *Id.* The Court began the analysis above by first considering whether these laws have a reference to an ERISA plan. A prima facie claim for breach of fiduciary duty is demonstrated where a party "present[s] facts showing: "(1) the existence of a fiduciary relationship between the parties, (2) a breach of the fiduciary duty, (3) causation, and (4) harm." *Grewell v. State Farm Mut. Auto Ins. Co.*, 162 S.W.3d 503, 508 (Mo. Ct. App. 2005). This claim does not "actually or implicitly refer to ERISA plans." A claim for breach of fiduciary duty is a general cause of action that is applicable in numerous non-ERISA matters. *See Wilson v. Zoellner*, 114 F.3d 713, 717 (8th Cir. 1997); *Wilbers v. Moneta Group Inv. Advisors, Inc.*, 2006 WL 1360866, at *3 (E.D. Mo. 2006).

Since there is no reference to an ERISA plan, the Court moves to the next step of the analysis and must determine whether the law has a connection to an ERISA plan. To determine whether a sufficient connection exists, the Court is required to "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive as well as to the nature of the effect of the state law on ERISA plans." *California Div. of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 325 (1997). The Eighth Circuit has articulated seven factors to be considered by a court when determining whether a statute has a connection with a plan under ERISA:

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> [1] whether the state law negates an ERISA plan provision, [2] whether the state law affects relations between primary ERISA entities, [3] whether the state law impacts the structure of ERISA plans, [4] whether the state law impacts the administration of ERISA plans, [5] whether the state law has an economic impact on ERISA plans, [6] whether preemption of the state law is consistent with other ERISA provisions, and [7] whether the state law is an exercise of traditional state power.

*Shea v. Esensten*, 208 F.3d 712, 718 (8th Cir. 2000). While none of these factors is solely dispositive, "they serve to focus and clarify the court's analysis." *Bannister v. Sorenson*, 103 F.3d 632, 636 (8th Cir. 1996)

*Factor 1: Whether the state law negates an ERISA plan provision*

The inquiry under this factor typically seeks to determine whether a plaintiff is suing for plan benefits. *Wilson*, 114 F.3d at 718. The Plaintiffs in this case are not suing for plan benefits and United has not represented that the plan would be responsible for any judgment in this action. *Id.* Additionally, Plaintiffs' claims do not dictate the terms of a plan, the benefits available under a plan, impose reporting or disclosure requirements, or affect the calculation of benefits. *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 193 (4th Cir. 2002). Allowing a claim for breach of fiduciary duty for the disclosure of confidential medical information will not negate a plan provision.

*Factors 2 & 3: Whether the state law affects relations between primary ERISA entities or impacts the structure of ERISA plans*

These factors are treated alike. *See Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1346 (8th Cir. 1991). Primary ERISA entitles are "the employer, the plan, the plan fiduciaries, and the beneficiaries." *Id.* If United does incur liability in this action, it will be liable "only as the employer of a tortfeasor, and not as a plan fiduciary." *Wilson*, 114 F.3d at 718. United's liability would not be "for its administration of the ERISA plan, but rather for the coincidental and unrelated conduct of its agent." *Id.* As United's potential liability would not be

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

incurred as a result of "its role as an ERISA entity, its relationship with other ERISA entitles cannot be affected by" this action. *Id.* Thus, the state law neither affects relations between primary ERISA entities, nor impacts the structure of ERISA plans. These factors weigh in favor of finding that this law is not preempted.

*Factor 4: Whether the state law impacts the administration of ERISA plans*

Plaintiffs' claims do not impact the administration of ERISA plans. United had "no obligation to respond to [Hertfelder's] inquiries." *Syndicated Office Systems, Inc., Assignee of St. Louis University Hosp. v. The Guardian Life Ins. Co. of America*, 2005 WL 1661507, at *3 (E.D. Mo. 2005). United could have refused to answer Hertfelder's inquiries, and any recovery by Plaintiffs would not impose a duty on United to answer such questions in the future. Any impact of Plaintiffs' claims on plan administration will be either "non-existent or practically insignificant." *Id.*

*Factor 5: Whether the state law has an economic impact on ERISA plans*

A "tenuous, remote, and peripheral" economic impact on an ERISA plan is not sufficient to satisfy this factor. *Ark. Blue Cross & Blue Shield*, 947 F.2d at 1348. The proper inquiry is whether a fiduciary duty not to disclose confidential medical information has an economic impact on ERISA plans. It appears that any such impact could only be "tenuous, remote, and peripheral," and therefore insufficient to satisfy this factor. *Id.*

*Factor 6: Whether preemption of the state law is consistent with other ERISA provisions*

If Plaintiff was alleging that United, while processing a benefits claim or performing a plan duty, improperly disclosed their confidential medical information, this would be sufficient for a claim of breach of fiduciary duty under ERISA. *See Darcangelo*, 292 F.3d at 193; 29 U.S.C. §§ 1104(a)(1), 502(a), 1132(a). An allegation such as this would be an allegation of a breach of

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

fiduciary duty while "managing assets and distributing property to beneficiaries," and Plaintiff would then be attempting to impermissibly "use state law to 'define fiduciary duties or address faulty plan administration.'" *Darcangelo*, 292 F.3d at 193; *Pelgram v. Herdrich*, 530 U.S. 211, 226 (2000).

However, Plaintiff alleges that Hertfelder did not obtain this information in pursuit of a legitimate or appropriate end. These allegations are related to conduct that is outside of the scope of Defendants' duties under the plan or in carrying out the terms of the plan. In fact, Plaintiffs' allegations are that Hertfelder was "not performing a fiduciary function, but was simply behaving as a rogue administrator, acting entirely outside the scope of its duties under the plan." "[W]hile ERISA establishes 'standards of conduct, responsibility and obligation for fiduciaries,' . . . it does not preempt general state laws covering non-fiduciary acts unrelated to an ERISA plan." *Darcangelo*, 292 F.3d at 193 (internal citations omitted).

*Factor 7: Whether the state law is an exercise of traditional state power*

When regulating a claim of breach of fiduciary duty, Missouri is exercising a traditional state power. The Court agrees with the Fourth Circuit's opinion in *Darcangelo*, which determined that Congress did not intend for "fiduciary administrative functions" under ERISA to encompass "tortious conduct by a plan administrator that is completely unrelated to its duties under the plan." *Id.*

In sum, Plaintiff's claim for breach of fiduciary duty is not preempted as there is neither "(1) a connection with or (2) reference to such a plan." *Parkman*, 439 F.3d at 771. As this claim is not preempted by ERISA, this Court does not have jurisdiction over this action, and Plaintiffs' Motion to Remand will be granted.

**B.      MOTION TO DISMISS**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

United has moved to have Plaintiffs' claims against them dismissed for failure to state a claim upon which relief may be granted. In support of their motion, United asserts that Plaintiffs' claims are preempted by ERISA. As discussed in detail above, the Court finds that Plaintiffs' claims are not preempted, and the Court will deny United's Motion to Dismiss.

### III. CONCLUSION

Plaintiffs' claim for breach of fiduciary duty does not have "(1) a connection with or (2) reference to such a plan." *Id.* As a result, these claims are not preempted, and the Court remands these claims and denies the pending motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [doc. #7] is **GRANTED.**

**IT IS FURTHER ORDERED** that United's Motion to Dismiss [doc. #11] is **DENIED.**

Dated this 31st day of January, 2007.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com